UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| BONNIE THOMPSON | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. |
| GATEHOUSE MEDIA LOUISIANA HOLDINGS, INC. and | * | JUDGE |
| NEWSLEADER, INC. d/b/a BEAUGEGARD DAILY NEWS | * | MAG |

\* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Gatehouse Media Louisiana Holdings, Inc. and Newsleader, Inc. d/b/a Beauregard Daily News, defendants, file this Notice of Removal of this cause from the 36th Judicial District Court, Parish of Beauregard, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 36th Judicial District Court for the Parish of Beauregard, State of Louisiana, with citation and plaintiffs' petition for damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto as Exhibit "A".

2. This action is one of a civil nature for alleged personal injury.

Thompson v. Gatehouse Media Louisiana Holdings Inc et al     Doc. 1

Dockets.Justia.com

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana.

4. Gatehouse Media Louisiana Holdings, Inc. and Newsleader, Inc. are foreign corporations, and were at the time of filing of plaintiff's petition. Both defendants are domiciled and maintain their principal place of business in Fairport, New York, and both are incorporated in Wilmington, Delaware.

5. The "Beauregard Daily News" is a trade name for Newleader, Inc., not a juridical entity.

6. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff's petition, paragraph 16, indicate that damages will exceed the federal jurisdictional amount exclusive of interest and cost and the controversy is wholly between citizens of different states. Therefore, pursuant to the provisions of 28 U.S.C. 1441, this case may be removed to the United States District Court for the Western District of Louisiana.

9. Defendants further aver that plaintiff has failed to indicate or stipulate that her damages are less than the jurisdictional minimum of this court and thus under the holding of De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993), jurisdiction has properly vested in this court.

10. Plaintiff has undergone surgical procedures and her damages, if proven, will allegedly exceed the minimum jurisdictional requisite of this court.

11. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition, that the amount in controversy does not exceed $75,000.00.

12. Article 893, Louisiana Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

13. Plaintiff has failed to make the designation under Article 893, Louisiana Code of Civil Procedure despite the requirements of that article, and the case is removable on that ground.

WHEREFORE, defendants file this notice of removal and pray that the court maintain jurisdiction of this action.

**Respectfully submitted,**

**UNGARINO & ECKERT L.L.C**

_____
**MATTHEW J. UNGARINO (#15061)**
**DAVID I. BORDELON (#16815)**
**3850 North Causeway Boulevard**
**Suite 1280**
**Metairie, Louisiana 70002**
*Telephone: (504) 836-7531*
Fax:         (504) 836-7538
Email:      *mungarino@ungarino-eckert.com*

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, properly addressed and first class postage prepaid, on January 29, 2008.

_____