U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

OCT - 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BONNIE THOMPSON** | : | **DOCKET NO. 08-125** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **GATEHOUSE MEDIA LOUISIANA HOLDINGS INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #17) and a "Motion to Strike"[1] (doc. #26) filed by defendants, Gatehouse Media Louisiana Holdings, Inc. and Newsleader, Inc. d/b/a Beauregard Daily News. Defendants move to dismiss Plaintiff's demands pursuant to Federal Rule of Civil Procedure 56(c) and to strike the Affidavit of Bonnie Thompson.

### FACTUAL STATEMENT

On or about January 5, 2007, Bonnie Thompson tripped and fell in the parking lot of the Defendants allegedly causing serious injury. Ms. Thompson alleges that a defect existed in the parking lot that was not apparent because of rain and puddles of water. Ms. Thompson further alleges that the defect caused an unreasonable risk of harm to patrons traversing the parking lot, and that Defendants are negligent in maintaining the premises owned, operated or within their custody.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the

---

[1] The Motion to Strike is also being considered by the Court as Defendant's reply to Plaintiff's opposition to the motion for summary judgment.

non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## LAW AND ANALYSIS

---

[2] Fed. R.Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[5] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson*, 477 U.S. at 249.

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[9] *Anderson*, 477 U.S. at 249-50.

*Motion to strike*

Defendants have filed a motion to strike the Affidavit of Bonnie Thompson which was submitted in opposition to Defendant's motion for summary judgment. The basis to strike the affidavit is that it is not based on personal knowledge as required by Federal Rule of Civil Procedure 56(e).

Defendants complain that in her affidavit, Ms. Thompson compares the alleged hole and/or broken concrete that she tripped over to be about the size of a "gila monster." Defendants assert that this statement by Ms. Thompson is a complete exaggeration. The Court finds that Defendants have failed to demonstrate that Ms. Thompson has no personal knowledge of the size of gila monsters, thus, on that basis the Court will deny the motion to strike the entire affidavit.

Defendants further complain that Ms. Thompson makes statements in her affidavit which are clearly hearsay and should be stricken from the affidavit. In her affidavit, Ms. Thompson states the following:

> "... That to her knowledge, Peggy Waldrup witnessed filler material after the accident which was actually used and filled in the hole where she actually fell. Accordingly, it would have been impossible for the defendants' expert to have done a critical analysis of the accident site because of material alterations and safety changes made after the fact."[10]

A party seeking summary judgment may rely on any form of evidence listed in Rule 56(c).[11] While the form of the summary judgment evidence need not be admissible, the content of the evidence must meet evidentiary requirements.[12] The Court finds that the statement by Ms. Thompson is clearly

---

[10] Plaintiff's Exhibit A, ¶ 5.

[11] See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548 (1986).

[12] See *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997)(finding that the hearsay statements in an affidavit were "incompetent summary judgment evidence").

3

hearsay[13] and shall be stricken from the affidavit.

*Motion for summary judgment*

The standards applied to merchants when a purportedly defective condition on the premises is alleged, are similar to those set forth in Louisiana Revised Statute 9:2800.6[14] and Louisiana Civil Code article 2317.1 which are as follows:

**Burden of proof in claims against merchants.**

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Louisiana Civil Code art. 2317.1 provides as follows:

**Damage caused by ruin, vice, or defect in things.**

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the

---

[13] See Fed. R.Evid. 801.

[14] The Louisiana Merchant's Liability Statute.

4

damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ispa loquitur in an appropriate case.

A Plaintiff's failure to prove any of the requirements in Louisiana Revised Statute 9:2800.6 will prove fatal to her case.[15] Merchants are required to exercise reasonable care to protect those who enter the establishment, to keep the premises safe from unreasonable risks of harm....[16] Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons.[17] A store owner is not liable every time an accident happens.[18]

Defendants maintain that the expansion joint as described by Plaintiff did not constitute an unreasonably dangerous condition. Hence, Defendants submit that they are entitled to judgment as a matter of law under either Louisiana Revised Statute 9:2800.6 or Louisiana Civil Code article 2317.1. Defendants offer as evidence photographs which they allege is the area wherein Ms. Thompson fell,[19] the deposition of Ms. Thompson,[20] and the affidavit of Michael J. Frenzel,[21] a Board Certified Safety Professional.

In his affidavit, Mr. Frenzel, who also attaches photographs of the alleged area where Ms.

---

[15] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997).

[16] *Turner v. Brookshire Grocery Co.*, 785 So.2d 161 (La.App. 2d Cir. 2001).

[17] *Turner v. Brookshire Grocery Co., supra.*

[18] *Id.*

[19] Defendant's exhibit B, in globo.

[20] Defendant's exhibit A.

[21] Defendant's exhibit C Affidavit of Michael J. Frenzel and attached exhibits.

Thompson fell, states that there is "no sign of erosion anywhere near where Mrs. Thompson fell."[22] Mr. Frenzel also states that not only were there no holes in the surface of the parking lot in the area where Ms. Thompson allegedly fell, the area contained no "defects in the expansion joint or to the concrete sections on either side of the expansion joint and neither presented an unreasonably dangerous condition to pedestrians."[23]

In an attempt to create a genuine issue of material fact for trial, Ms. Thompson submits her own affidavit[24] with attached photographs of a "gila monster."[25] In her affidavit Ms. Thompson maintains that the safety expert's report is incorrect because "the scene of the accident depicted in defendants' 'Exhibit C-4'" is a "few feet to the East of where she landed after she tripped,"[26] and/or "the area shown in 'Exhibit C-4' shows a portion of the area where she landed after she tripped, rather than the actual area where she tripped, and does not show the actual hole where she tripped."[27] Ms. Thompson further states that "the pooling water would hide a break in the expansion joint at the point where she tripped, and that 'broken concrete surrounding the fractures in the expansion joint to be about the size of a gila monster', a picture of which is attached as Exhibit 'C'."[28]

The Court notes that when being deposed by defense counsel, Ms. Thompson circled on the

---

[22] *Id.*, § 10, ¶ f.

[23] *Id.* § 10, ¶ l.

[24] Plaintiff's exhibit A.

[25] Plaintiff's exhibit C.

[26] Plaintiff's statement of material facts, ¶ 5.

[27] *Id.*

[28] *Id.*

photographs submitted by Gatehouse Media, the exact area she claims to have "tripped." In fact, defense counsel specifically asked Ms. Thompson to circle the exact location where she "stubbed [her] toe."[29] Ms. Thompson complied. Defendants have submitted those photographs to support their motion for summary judgment, and now Ms. Thompson in her affidavit states that the safety expert, Mr. Frenzel, investigated the wrong area.

A nonmoving party may not manufacture a dispute of fact to defeat a motion for summary judgment by submitting an affidavit that contradicts, without explanation, that party's own prior deposition testimony.[30] The Court has reviewed and compared the prior deposition testimony of Ms. Thompson and the photographs which she marked during her testimony under oath with Ms. Thompson's sworn affidavit and concludes that her most recent affidavit and the statements she makes concerning the location of the area in which she "tripped" or "stubbed" her toe contradicts her prior deposition testimony. Accordingly, the Court will disregard that portion of the affidavit for purposes of evaluating whether a genuine issue of material fact exists for trial.

Defendants have submitted summary judgment evidence that establishes that there were no ruin, defects or vices in the area wherein Ms. Thompson fell, and/or that there were no conditions of the parking lot which presented an unreasonable risk of harm. Ms. Thompson has failed to submit summary judgment evidence to contradict this other than a hearsay statement that the Court will strike from the affidavit, a statement that contradicts prior deposition testimony which the Court will not consider, and a completely self-serving affidavit. Self-serving affidavits employed to create material

---

[29] Defendant's exhibit A, Thompson depo. p. 76, lines 7-20.

[30] *Doe ex rel. v. Dallas Indep. Sch. Distr.*, 220 F.3d 380, 386 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 n.23 (5th Cir. 1992).

facts should be carefully scrutinized by the court.[31] The Fifth Circuit has held that "[u]nsubstantiated assertions are not competent summary judgment evidence."[32] Accordingly, the Court finds that Ms. Thompson has failed to submit summary judgment evidence to create a genuine issue of fact for trial, and that Defendants are entitled to summary judgment in their favor as a matter of law.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing with prejudice all claims asserted by Plaintiff, Bonnie Thompson against defendant, Gatehouse Media Louisiana Holdings, Inc. And Newsleader, Inc. d/b/a Beauregard Daily News at Plaintiff's cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of October, 2008.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[31] See *Vais Arms, Inc. v. Vais,* 383 F.3d 287, 294 (5th Cir. 2004)(finding affiant's self-serving statements in his affidavit insufficient to raise a genuine issue of material fact); see also *Kimball v. Union Pac. R.R. Co.,* No.02-2637, 2003 U.S. Dist. Lexis 5534 (E.D. La. Apr. 3, 2003)(conclusory and self-serving affidavit found incompetent summary judgment evidence).

[32] *Hugh Symons Group, PLC v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002).